**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 13, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TERESA GRAJEDA-GUTIERREZ,

Defendant-Appellant.

No. 09-2129
(D.C. No. 1:08-CR-00375-LH-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BALDOCK**, and **HOLMES**, Circuit Judges.

---

Defendant Teresa Grajeda-Gutierrez was convicted by a jury of fraud and misuse of visas, permits, and other documents in violation of 18 U.S.C. § 1546(a), and aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1) and (c)(4). She had moved for a judgment of acquittal at the close of all of the evidence, but the district court denied the motion and subsequently sentenced her to

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

four-hundred and nineteen days' imprisonment.  On appeal, she essentially asserts that the evidence was insufficient to support either conviction.

Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM Ms. Grajeda-Gutierrez's conviction for fraud and misuse of visas, permits, and other documents because there was sufficient evidence to support it.  But we REVERSE her conviction for aggravated identity theft because the government did not prove beyond a reasonable doubt that she "knew that the means of identification [she used] belonged to another person," as required by *Flores-Figueroa v. United States*, 129 S.Ct. 1886, 1894 (2009) (interpreting 18 U.S.C. § 1028A).

## Background[1]

The parties are familiar with the procedural history and trial testimony in this case, and we therefore provide an abbreviated summary here.  In September 2005, Ms. Grajeda-Gutierrez entered the United States through Columbus, New Mexico, with a B-2 tourist visa.  Shortly thereafter, she applied for a job at Walmart in Santa Fe, New Mexico, and allegedly signed—under penalty of perjury—an employment-eligibility verification form, Form I-9, as "'Diana CH,'" R., Vol. 3 at 39.  A Training Coordinator at the Walmart in

---

[1]     Because this appeal arises from a jury verdict, "we must view all evidence in the light most favorable to the government," and we therefore "present the facts that follow in that light."  *United States v. Roach*, 582 F.3d 1192, 1198 n.2 (10th Cir. 2009), *cert. denied*, 130 S.Ct. 1160 (2010).

question, Conchita Van De Star, testified that she knew Ms. Grajeda-Gutierrez as "Diana Chavez," and had conducted an employee orientation class in October 2005 that she had attended. *Id.* at 64, 65. According to the Training Coordinator, she was with Ms. Grajeda-Gutierrez, who is fluent in English, when she completed her Form I-9. She stated that Ms. Grajeda-Gutierrez supported her Form I-9 with a permanent resident alien card and a driver's license, both of which contained the name Diana Chavez and Ms. Grajeda-Gutierrez's photograph. She also testified that during the October orientation she instructed Ms. Grajeda-Gutierrez and other prospective employees that the Form I-9 was a legal document that needed to be completed correctly.

The Bureau of Immigration and Customs Enforcement (ICE) received a tip that a woman was working at Walmart in Santa Fe using the assumed identity of a Diana Chavez. ICE Agent Morgan Langer testified that he went to that Walmart and asked the personnel manager if there was a Diana Chavez working at the store. She "responded that there was," and gave Agent Langer "a copy of the Form I-9 that was filled out by Diana Chavez . . . . on October 13, 2005." *Id.* at 22-23.[2] Agent Langer also inquired whether Ms. Chavez was working. A colleague said she was and "pointed to the defendant." *Id.* at 27. Agent Langer

---

[2]    Agent Langer later researched the alien number listed on the Form I-9 and determined it was "invalid"; that is, the number is "not assigned to anybody." R., Vol. 3 at 44. He also confirmed through ICE records that Ms. Grajeda-Gutierrez is not a resident alien.

identified himself as an ICE Agent and Ms. Grajeda-Gutierrez told him her name was Diana Chavez. After additional questioning, she "eventually admitted . . . her [real] name was Teresa Grajeda-Gutierrez" and she was "a citizen . . . of Mexico" illegally present in the United States. *Id.* at 28, 29. She was arrested and searched incident to the arrest. Agent Langer found in her possession three items that bore the name Diana Chavez: a Walmart pay stub, a Walmart ID tag (that she was wearing when he encountered her), and a Walmart employee discount card. He also found two items that bore the name Teresa Grajeda-Gutierrez: an ATM card and a driver's license.

The alleged identity theft victim, Diana Chavez, testified that she lived in Santa Fe, New Mexico, had never worked at Walmart, and is a United States citizen. She testified that the social security number listed on the Form I-9, dated October 13, 2005, belonged to her. She stated that she did not know Ms. Grajeda-Gutierrez and indicated that she had never "given anyone permission to use [her] identity, . . . Social Security number, . . . birth date, or any other identifiers of [hers]." *Id.* at 99.

Evidence was introduced at trial that other documents in Walmart's personnel file for Diana Chavez were signed "'Diana CH'" *Id.* at 39, 40. Agent Langer, who is not a handwriting expert, testified that the signatures on the personnel documents resembled the signature on the October 13, 2005, Form I-9.

There was also testimony that during the time in question, only one Diana Chavez worked at Walmart in Santa Fe.

Ms. Grajeda-Gutierrez was charged with (1) "knowingly subscrib[ing] as true . . . in a document required by the immigration laws and regulations of the United States . . . a name and social security number that were not hers and attest[ing] falsely under penalty of perjury that she was a legal permanent resident of the United States," in violation of 18 U.S.C. § 1546(a), and (2) knowingly using, "without lawful authority, a means of identification of another person during and in relation to a violation of . . . § 1546(a)[,]" in violation of  18 U.S.C. §§ 1028A(a)(1) and (c)(4).  *Id.*, Vol. 1 at 6-7.  At the conclusion of Ms. Grajeda-Gutierrez's trial, she was found guilty of  the charged offenses.  This appeal followed.

**Discussion**

Ms. Grajeda-Gutierrez contends her conviction for fraud and misuse of visas, permits, and other documents must be reversed because there was insufficient evidence to support the jury's verdict.[3]  Noting the lack of "eye witness testimony," she asserts that the government failed to demonstrate "that

---

[3]     To support a conviction under § 1546(a) the government must show, in pertinent part, that the defendant:  (1) "knowingly," (2) "under oath" or "under penalty of perjury," (3) made a "false statement," (4) concerning "a material fact," (5) "in any application . . . or other document required by the immigration laws or regulations prescribed thereunder."

the I-9 and other personnel documents were signed by the Defendant." Aplt. Br. at 18. "We review the sufficiency of the evidence to support a jury's verdict and the denial of [a] motion for judgment of acquittal de novo." *United States v. Vigil*, 523 F.3d 1258, 1262 (10th Cir. 2008). The problem with Ms. Grajeda-Gutierrez's argument is that it has already been made to, and rejected by, the jury. *See, e.g.*, R., Vol. 3 at 142. As framed by the government, the jury apparently relied on circumstantial evidence to conclude that "[i]t is not plausible that . . . someone else signed the . . . I-9 Form." Aplee. Br. at 18. We cannot re-weigh the evidence or second-guess the jury's determination. We "ask[] only whether, taking the evidence—both direct and *circumstantial*, together with the reasonable inferences to be drawn therefrom—in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." *Roach*, 582 F.3d at 1205 (emphasis added) (quotation omitted). The evidence here was sufficient for a reasonable jury to do just that. *See United States v. Burkley*, 513 F.3d 1183, 1188 (10th Cir. 2008) (explaining that the evidence supporting a jury verdict "must be substantial," but "it need not conclusively exclude every other reasonable hypothesis and it need not negate all possibilities except guilt" (quotation omitted)).

Ms. Grajeda-Gutierrez also contends that her conviction for aggravated identity theft must be reversed because the government did not show that she knew "that the means of identification at issue belonged to another person," as

required by *Flores-Figueroa*, 129 S.Ct. at 1894. We agree. Indeed, the government acknowledges that *Flores-Figueroa*, which was decided after Ms. Grajeda-Gutierrez was convicted, is retroactively applicable, and it "concedes that there was insufficient evidence for the jury to conclude beyond a reasonable doubt that Grajeda knew that the social security number and name she was using belonged to a real person at the time when [she] committed the predicate felony charged in the indictment . . . ." Aplee. Br. at 13.

## Conclusion

For the reasons stated above, we AFFIRM Ms. Grajeda-Gutierrez's conviction for fraud and misuse of visas, permits, and other documents, but we REVERSE her aggravated identity theft conviction and REMAND for proceedings consistent with this opinion.

Entered for the Court

Bobby R. Baldock
Circuit Judge